UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID JOHN LESPERANCE, CASEY CUSICK, and JAMES VARNELL CUSICK, JR.,<br><br>**Defendants.** | Criminal Action No. 21-575 (JDB) |

## ORDER

Before the Court are defendants' waivers of their rights to conflict-free counsel.  Attorney John M. Pierce's representation of the three codefendants in this case—as well as his current and past representation of dozens of defendants in other cases arising from the events of January 6, 2021 at the United States Capitol—creates the potential for conflicts to arise.  Nevertheless, after reviewing the record, which includes extensive colloquies conducted by Judge Emmett G. Sullivan with Pierce and his three clients,[1] the Court is satisfied that the defendants' waivers are knowing and voluntary.  The Court will exercise its discretion to accept these waivers.

## Background

In relation to their alleged actions at the U.S. Capitol on January 6, 2021, defendants David Lesperance, Casey Cusick, and James Cusick, Jr. are each charged by criminal information with entering and remaining in a restricted building, in violation of 18 U.S.C. § 1752(a)(1), disorderly and disruptive conduct in a restricted building, in violation of 18 U.S.C. § 1752(a)(2), violent entry and disorderly conduct in a capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D), and

---

[1] This case was reassigned from Judge Sullivan to this Court on October 19, 2022.

parading, demonstrating, or picketing in a capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G).  See Information [ECF No. 1].  Defendants retained Pierce as counsel with the assistance of Katie Cusick (the sister of Casey Cusick and daughter of James Cusick, Jr.), who paid Pierce's fee by check using crowd-sourced funds.  See R. & R. Regarding Single Att'y Representing Three Co-Defs. in the Same Case [ECF No. 18] ("Conflicts Report") at 3–4; see also Appearance of Counsel [ECF No. 11].  Pierce currently represents or has previously represented dozens of January 6 defendants in other criminal cases.  See Second Suppl. to Conflicts Report [ECF No. 39] ("Second Suppl.") at 1 n.2 (listing over 30 proceedings in which Pierce represents or previously represented January 6 defendants).

Given the potential for conflicts arising from Pierce's representation of all three codefendants in this case, Judge Sullivan—to whom the case was then assigned—appointed Santha Sonenberg as independent conflict counsel.  See Nov. 30, 2021 Min. Order.  After interviewing the three codefendants, Katie Cusick, Pierce, and counsel for the government, on January 21, 2022, Sonenberg submitted a report and recommendation to the Court.  See Conflicts Report.  The report identified several hypothetical situations in which conflicts may arise during joint representation including: during plea bargaining; when defendants have inconsistent defenses at trial; when a defendant wishes to testify at trial; when the government's evidence is more damaging to one codefendant than another; during closing arguments; and at sentencing.  See id. at 11–16.  The report also laid out relevant considerations for the Court when deciding whether to accept a defendant's waiver of the right to conflict-free counsel.  See id. at 16–20.  Sonenberg concluded that "[a]t this stage of the case[,] it does not appear possible to determine whether there is an actual conflict that exists," id. at 20, and she recommended that the Court appoint experienced conflict counsel to advise each codefendant and that the Court conduct colloquies with each codefendant

2

on the record about their understanding and waiver of any potential conflicts.  Id. at 21–23.  Neither

the government nor Pierce objected to Sonenberg's recommendations.

On May 24, 2022, Judge Sullivan appointed individual conflict counsel to advise each of

the three codefendants on the potential conflicts that could arise from Pierce's joint representation.

See May 24, 2022 Min. Order.[2]  On July 29, 2022, the Court conducted extended colloquies with

each codefendant and Pierce.  See July 29, 2022 Min. Order.  Through questioning drafted with

assistance from Sonenberg, Judge Sullivan inquired into each defendant's understanding of

potential conflicts and whether they wished to continue with Pierce's services.  After the

colloquies, each codefendant indicated a desire to proceed with Pierce and stated that he knowingly

and voluntarily agrees to waive any actual or potential conflict of interest related to the joint

representation.[3]

On September 6, 2022, Sonenberg filed a supplement to her prior report, in which she

stated that

> seemingly through their colloquies with the Court, each David Lesperance, Casey
> Cusick and James Cusick have demonstrated that they have thought about the issues
> presented by being represented by the same lawyer as each of their codefendants,
> and also have had the advice of eminently qualified conflict counsel, with whom
> each expressed consummate satisfaction, to discuss the relevant issues with them.
> As such, there is nothing on the record to suggest that each is not knowingly,
> intelligently and voluntarily waiving his right to conflict-free counsel.

---

[2] Judge Sullivan appointed Warren Anthony Fitch as conflict counsel for Casey Cusick, Margarita K.
O'Donnell as conflict counsel for James Cusick, Jr., and Michael J. Satin as conflict counsel for David Lesperance.
See May 24, 2022 Min. Order.  The Court extends its gratitude to Sonenberg, Fitch, O'Donnell, and Satin for their
exemplary services.

[3] At the end of the proceeding, conflict counsel for James Cusick, Jr. requested an opportunity for her client
to consider the material discussed in the colloquy before making a final decision as to the waiver.  James Cusick, Jr.
made a further request for additional time at a status conference held on September 20, 2022.  On November 2,
2022, at a subsequent status conference after the reassignment of the case to this Court, conflict counsel for James
Cusick, Jr. informed the Court that any issue had been resolved and there was no need for a further colloquy with
her client.

Suppl. to Conflicts Report [ECF No. 35] ("First Suppl.") at 2.  On October 14, 2022, Sonenberg

filed a second supplement to the conflicts report, identifying similar conflicts that may arise from

Pierce's representation of defendants in other cases related to the events of January 6, 2021.  See

Second Suppl.

On October 19, 2022, this case was reassigned from Judge Sullivan to this Court.  At a

status conference on November 2, 2022, Sonenberg and each individual conflict counsel indicated

that they do not think any further colloquies are necessary.

## Analysis

The Sixth Amendment guarantees a defendant in a criminal prosecution the right "to have

the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  The Supreme Court has

interpreted this right to include a "right to representation that is free from conflicts of

interest."  Wood v. Georgia, 450 U.S. 261, 271 (1981).  "[T]he Sixth Amendment right to conflict-

free representation is subject to knowing and voluntary waiver."  United States v. Lopesierra-

Gutierrez, 708 F.3d 193, 200 (D.C. Cir. 2013).  But a "district court must be allowed substantial

latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual

conflict may be demonstrated before trial, but in the more common cases where a potential for

conflict exists which may or may not burgeon into an actual conflict as the trial progresses."  Wheat

v. United States, 486 U.S. 153, 163 (1988); see also Fed. R. Crim. P. 44(c)(2) (requiring courts to

"promptly inquire about the propriety of joint representation" and "take appropriate measures to

protect each defendant's right to counsel" in the event of joint representation); Fed. R. Crim. P. 44

advisory committee's note to 1979 amendment (noting that "Rule 44(c) does not specify what

particular measures must be taken" but, rather, "leave[s] this within the court's discretion").  "The

District Court must recognize a presumption in favor of petitioner's counsel of choice," Wheat,

486 U.S. at 164, but the Court must also "balance[] the defendant's right to choose his representative against <u>both</u> the defendant's countervailing right to conflict-free representation <u>and</u> the court's independent interest in the integrity of criminal proceedings," <u>Lopesierra-Gutierrez</u>, 708 F.3d at 200 (emphasis in original).

Accordingly, when faced with a defendant's waiver of the right to conflict-free counsel, the Court's duties proceed in two stages: first, the Court must determine if the defendant's waiver is knowing and voluntary, and second, the Court must decide whether to exercise its discretion to accept that waiver.

The Court concludes that each defendant has offered a knowing and voluntary waiver of his right to conflict-free counsel. Judge Sullivan undertook substantial efforts to ensure that each defendant was well informed and fully understood the potential conflicts posed by joint representation and that each defendant's waiver was offered voluntarily and intelligently after consultation with counsel. Those efforts included appointing independent conflict counsel (Ms. Sonenberg), soliciting a thorough report and two supplements from that counsel (and providing parties with the opportunity to respond to the report), appointing additional individual conflict counsel for each codefendant to advise him of potential conflicts, and conducting extensive individual colloquies with each codefendant and with Pierce prior to obtaining waivers on the record. Based on this Court's independent analysis of those colloquies and the entirety of the record, the Court now "clearly determine[s]" that each codefendant has made an "intelligent and competent waiver." <u>Glasser v. United States</u>, 315 U.S. 60, 71 (1942) (internal quotation marks omitted).[4]

---

[4] Some potential conflicts related to Pierce's representation of defendants in other cases were not addressed in Judge Sullivan's colloquies but were raised in a later supplement to the conflict counsel's report. <u>See</u> Second Suppl. Because the substance of those additional potential conflicts overlaps with others stemming from Pierce's joint representation, which <u>were</u> addressed in the colloquies, the Court concludes that further colloquies are not

The Court will exercise its discretion to accept the defendants' knowing and voluntary waivers. The Court would have discretion to reject these waivers because "a potential for conflict exists," Wheat, 486 U.S. at 163, and courts in this District have exercised that discretion when possible conflicts seem particularly serious, see, e.g., United States v. Bikundi, 80 F. Supp. 3d 9, 17 (D.D.C. 2015) (rejecting waiver due to "potential for a serious conflict" and "serious concerns regarding voluntariness" of waiver); see also United States v. Childress, 58 F.3d 693, 735 (D.C. Cir. 1995) (finding no abuse of discretion in disqualifying counsel "because a conflict between [codefendants] could have developed"). The Court, however, does not find that denying defendants' waivers is necessary here to satisfy "the court's independent interest in the integrity of [this] criminal proceeding[]." Lopesierra-Gutierrez, 708 F.3d at 200. There is "a presumption in favor of [the defendants'] counsel of choice," Wheat, 486 U.S. at 164, and throughout the yearlong process of resolving this conflicts issue, each defendant has maintained a clear desire to continue Pierce's joint representation. Although there are undoubtedly several conflicts that could arise in this case, no actual conflicts yet exist and none seems particularly imminent.[5] Cf. United States v. Carlyle, 964 F. Supp. 8, 14 (D.D.C. 1997) ("Despite the government's predictions that actual conflicts might develop later, the scenarios presented to the Court are too attenuated at this stage to overcome the presumption in favor of [the defendant's] right to counsel of choice and of his knowing waiver of his right to conflict-free counsel."). The Court is also comforted by Pierce's repeated assurances during his colloquy that, should any conflict arise, he would immediately consider whether to withdraw his representation of some or all defendants.[6]

---

required to ensure knowing and voluntary waivers. Each conflict counsel agreed that additional colloquies were unnecessary at the Court's November 2, 2022 status conference.

[5] Rather than restating all potential conflicts that could arise from the joint representation, the Court adopts by reference the conflict counsel's thorough analysis. See Conflicts Report at 10-16.

[6] The Court's decision to accept defendants' waivers of their rights to conflict-free counsel aligns with the determination of another court in this District that previously considered Pierce's joint representation of

*          *          *

For the foregoing reasons, and upon consideration of the entire record herein, the Court

finds that each defendant has voluntarily, knowingly, and intelligently waived his right to conflict-

free counsel, and it is hereby

**ORDERED** that defendants' waivers of the right to conflict-free counsel are accepted; it

is further

**ORDERED** that defendants may continue to be represented by John M. Pierce in this case;

and it is further

**ORDERED** that Santha Sonenberg, Warren Anthony Fitch, Margarita K. O'Donnell, and

Michael J. Satin are discharged from their duties as conflict counsel, with the Court's appreciation.

**SO ORDERED.**

                                                    /s/
                                        _____
                                        JOHN D. BATES
                                        United States District Judge

Dated:  November 21, 2022

---

codefendants in a different case related to the events of January 6, 2021.  See Oct. 5, 2022 Min. Entry, United States
v. Westbury, Crim. A. No. 21-605 (RC) (D.D.C., filed Sept. 29, 2021).