UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO. 1:21-cr-00575-JDB-2 |
| | : |
| LESPERANCE et. al., | : |
| | : |
| Defendants. | : |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

COMES NOW Defendants David John Lesperance ("Lesperance"), Casey Cusick ("Cusick"), and James Varnell Cusick Jr. ("Cusick Jr."), by and through undersigned counsel John Pierce, and hereby move to dismiss all charges against them pursuant to Federal Rules of Criminal Procedure 7(c)(1) and 12(b) with this motion to dismiss all the counts for failure to state a claim. The Defendants respectfully move the Court to dismiss the charges against them based on their failure to state a claim and failure to give notice of the charges in the indictment, as well as lack of probable cause. In the alternative, Defendants ask for a preliminary hearing to determine if probable cause exists for any of the counts alleged by the government towards them.

## INTRODUCTION

Defendants are purportedly facing four (4) misdemeanor counts as enumerated in the Criminal Docket and subsequent criminal complaint (ECF #1):

1

1. **18:1752(a)(1); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in a Restricted Building;**
2. **18:1752(a)(2); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly and Disruptive Conduct in a Restricted Building;**
3. **40:5104(e)(2)(D); VIOLENT ENTRY AND DISORDERLY CONDUCT ONCAPITOL GROUNDS; Violent Entry and Disorderly Conduct in a Capitol Building**
4. **40:5104(e)(2)(G); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Parading, Demonstrating, or Picketing in a Capitol Building**

The aforementioned charges are also listed in the "Statement of Facts" on file for Defendant Cusick Jr., and Defendant Lesperance along with a more thorough explanation:

> Based on the foregoing, your affiant submits that there is probable cause to believe that JAMES VARNELL CUSICK JR.[1] violated 18 U.S.C. §§ 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so.
>
> Your affiant submits there is also probable cause to believe that JAMES VARNELL CUSICK JR violated 40 U.S.C. §§ 5104(e)(2)(D) and (G), which make it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct

---

[1] DOC #1-1: Case 1:21-cr-00439-EGS (includes same charges as Cusick Jr. but name is changed to David Lesperance)

in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings. As noted above, JAMES VARNELL CUSICK JR was within "the Grounds of in any of the Capitol buildings" on January 6, 2021. (ECF #1-1) (DOC #1-1)

However, while the Statement of Facts lists the charges completely along with some definitions on certain terms, they fail to sufficiently lay out specific facts which would provide a basis of probable cause to charge the Defendants with the crimes listed. The Statements, simply list information that has not been corroborated, it fails to provide facts to show it has been corroborated or how these facts are connected to the charges, it uses maps on social media and information provided from cell towers to make conclusory statements regarding the Defendants location, and list facts that have not been shown how they directly connect the charges to each of the Defendants, and attempts to force the "fact-finder" to guess or assume that this satisfies their burden.

In addition, the statements contain numerous skeptical words such as: "allegedly", "tips", or "unknown individuals," instead of concrete statements or pleading to anything that provides a basis for probable cause or allows anyone to come to a reasonable conclusion that the Defendants are guilty of the crimes charged. (ECF #1-1)[2]; (DOC #1-1).[3] The Government even attempts to use "an

---

[2] Case 1:21-cr-00441-RDM
[3] Case 1:21-cr-00439-EGS

3

anonymous letter, mailed to the FBI," alleging that Defendant Cusick Jr. traveled from Florida to D.C. to attend the President's speech, as a basis for probable cause. (ECF #1-1 at 2). The law is well settled that an anonymous letter without corroboration is never sufficient to establish probable cause. Thus, all of the counts against the Defendants should be dismissed because the Government never met their burden of proving probable cause, in addition to failing to state a claim.

## BACKGROUND INFORMATION

There are facts indicated on record which state that, "[a]t approximately 1:00 p.m. on January 6, 2021, a joint session of Congress convened in the U.S. Capitol. ECF No. 1-1 at 1." *See* United States v. Miller, 589 F. Supp. 3d 60, 62 (D.D.C. 2022). Then, "after about thirty minutes, the Senate returned to its chambers so the two houses could separately consider an objection from the State of Arizona." *See* Montgomery, 2021 U.S. Dist. LEXIS 246750, 2021 WL 6134591, at *2. Next, "during this period, things soon turned violent. See *Id.* at ECF No. 1-1. Consequently, by "approximately 2:00 p.m., rioters had broken through the protective lines of the Capitol Police." *See United States v. Miller*, 589 F. Supp. 3d 60, 62 (D.D.C. 2022) (citing *United States v. Montgomery*, (D.D.C. 2021 at *2). Finally, "as rioters poured into the building, members of the House and Senate, as well as Vice President Pence, were hurriedly evacuated from the House and Senate chambers. *See* Capitol Attack Senate Report at 25-26 (cited in

*Trump v. Thompson*, 455 U.S. App. D.C. 49, 57, 20 F.4th 10, 18 (2021). Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. (DOC #1-1 at 1).

It is also sufficient to note, that the time stamps in the photos of the alleged Defendants were shown to be at 3:09 p.m. at the earliest and 3:19 p.m. being the latest time on record. This alone provides sufficient evidence to dismiss all the charges against the Defendants, because being in a public building for less than ten minutes cannot be the basis for criminal charges, nor can mere presence at a location rise to the level either. Additionally, the Defendants seek dismissal of all four counts specifically due to the information in statements of facts, by the FBI affiant, who participated and oversaw in the investigation of the Defendants. The affiant fails to provide any facts or evidence that is sufficient to state a claim, the affiant also fails to show what if anything would establish probable cause to charge the Defendants in the first place. All the affiant states is: "I submit that there is **probable cause to believe** that JAMES VARNELL CUSICK JR was among the individuals who invaded the U.S. Capitol building during the events summarized above," and nothing more. (ECF #1-1 at 2).

## LEGAL STANDARD

A criminal defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Pretrial motions may challenge "a defect in the indictment," including "lack of specificity" and "failure to state an offense." FRCP 12(b)(3)(B)(iii) and (v). An indictment is required to include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." *See* FRCP 7(c). Furthermore, the indictment needs to give notice in order "to inform the defendant of the nature of the accusation against him." *Id.* In addition to, "whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *See United States v. Sanford*, Ltd., 859 F. Supp. 2d 102, 107 (D.D.C. 2012) (citing *United States v. Bowdoin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011)). Thus, it is reasonably clear that in order to be "sufficient, an indictment must set out the material elements of the offense and the factual allegations" that support them. *See United States v. McBride*, 162 U.S. App. D.C. 141, 498 F.2d 683 (1974); *See also* FRCP 7(c). It is insufficient for an indictment to establish an element [of the offense] simply by tracing the "language of the statute," when the statute leaves out a crucial component of the offense or contains vague or generic terminology. *See United States v. Carll*, 105 U.S. 611, 26 L. Ed. 1135 (1881); *See also Russell v. United States*, 369 U.S. 749, 769, 82 S. Ct. 1038,

8 L. Ed. 2d 240 (1962); (citing *United States v. Nance*, 174 U.S. App. D.C. 472, 533 F.2d 699 (1976); *United States v. Conlon*, 481 F. Supp. 654, 669 (1979)).

Next, whether probable cause has been established, typically depends on the totality of the circumstances, meaning everything that the arresting officers know or reasonably believe at the time the arrest is made. *See Illinois v. Gates,* 462 U.S. 213, 232 (1983); *See also United States v. Humphries*, 372 F.3d 653, 657 (4th Cir. 2004). Before *Illinois v. Gates,* courts used the "Aguilar-Spinelli" test to show that to establish probable cause the police must, demonstrate that the "informant is credible or that his information is reliable." *See Aguilar v. Tex.*, 378 U.S. 108 (U.S. 1964) (citing *Illinois v. Gates,* 462 U.S. 213-214, where the court held that an anonymous letter by itself would not be probable cause to get a warrant, and the "reliability" prong was unlikely to "ever be satisfied by an anonymous tip.")

Finally, criminal liability is normally based upon the coexistence of two factors, "an evil-meaning mind [and] an evil-doing hand." *See United States v. Burden,* 443 U.S. App. D.C. 142, 147, 934 F.3d 675, 680 (2019). Thus, the requirement that the "mens rea" relate to the charged "actus reus" serves as the foundation for any "criminal mental standard." *See Dixon v. United States*, 548 U.S. 1, 6, 126 S. Ct. 2437, 165 L. Ed. 2d 299 (2006). *See United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016). Accordingly, the MPC states that, a "person is not guilty of an offense unless he acted purposely, knowingly, recklessly or

negligently, as the law may require, with respect to each material element of the offense." *See* Model Penal Code § 2.02. As a result, if a statute requires that the defendant knowingly perform the act that violates the law, he must also knowingly perform the charged actus reus, not some other, uncharged act. *See United States v. Smith*, No. 95-154-8 (BAH), 2022 U.S. Dist. LEXIS 87299 (D.D.C. May 16, 2022) (citations omitted). A person acts with purpose when he consciously desires a particular result... and a person who "consciously disregards a substantial and unjustifiable risk" in "gross deviation from accepted standards, demonstrates a reckless mental state." *See United States v. Smith*, No. 95-154-8 (BAH), 2022 U.S. Dist. LEXIS 87299, at *1 (D.D.C. May 16, 2022)

## ARGUMENT

Based on the standards for an indictment or the standard for probable cause, all of the facts and supposed evidence provided by the affiant in the Statement of facts fail to show how the Defendants can be charged with any of the counts included. The statement was based on linking the Defendants to cell phone numbers, photos, and videos that are "allegedly" linked to the Defendants. Specifically for Defendant Cusick Jr., the affiant, attempts to connect him to the crimes by the phone number associated to him along with a public records search of the area, statements from Defendant Lesperance's interview (that never actually names Cusick Jr.), alleged facts from supposed "tips" of anonymous individuals, and the

8

clothes he was wearing on previous occasions with the person "allegedly" in the photos. Next, all of the photos provided in the statement show the individual simply standing in the background in different areas and with a calm demeanor. The photos "allegedly" of Cusick merely doing just that are included. Additionally, the only statement by the affiant even suggesting the Defendant is guilty of the crimes charged or that he is the person he is purported to be claims: "Body-worn surveillance footage and CCTV images from the U.S. Capitol... [b]oth depict JAMES VARNELL CUSICK JR inside the U.S. Capitol on the afternoon of January 6, 2021. Screenshots from one such time-stamped body-worn surveillance video, and one such CCTV image, are provided below." However, the standard for probable cause standard asks for sufficient reasoning not mere suspicions, based upon known facts to believe a crime has been committed. *See Giordenello v. United States*, 357 U.S. 480 (1958) (complainant merely stated his conclusion that defendant had committed a crime).

    The Statement of Facts essentially accuses the Defendants of crimes by mere account of their presence. They do not show any violence or aggressive conduct exhibited by the alleged Defendants, nor do they mention how long they were actually in the Capitol and why they were there to begin with. There is nothing in the facts that show any connection between the Defendants and the counts they are charged with. As a result, the facts provided show that they are not sufficient for

probable cause or even an indictment, because the Government's case is based solely on indirect and circumstantial evidence designed to suggest that the Defendants are guilty without actually having to prove it

### A. Count I: Entering and Remaining in a Restricted Building

Based on count I, the Government provided a definition describing what a restricted building would entail:

> [A] 'restricted building' includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance. (ECF #1-1 at 7) (DOC #1-1 at 5)

Whereas well-settled black-letter law relating to trespass requires that an individual must have actual, individualized, personal notice that a property is restricted before an individual can be accused of trespassing."[4]  Neither the complaints nor the Statement of Facts provided by the government provide any facts suggesting that such individualized notice occurred with regard to the Defendants.

Next, most criminal prohibitions require only proof that the crime was committed "knowingly," meaning that the defendant knew of the facts that made his act illegal, even if he did not know the act was illegal. *See United States v. Burden*, 443 U.S. App. D.C. 142, 157, 934 F.3d 675, 690 (2019). Also, a "person

---

[4] i.e., 720 ILCS 5/21-3; O.C.G.A. § 16-7-21; Tex. Penal Code § 30.05, etc.

acts with knowledge when he is aware that a result is practically certain to follow from his conduct..." *See US v. Smith* (No. 95-154-8 (BAH)). Furthermore, there is generally a "reluctance to enact" statutes imposing a duty to act, because it is much more intrusive for the Government to "demand performance" than to "refrain from harmful action." *See* 1 P. Robinson, Criminal Law Defenses § 86 (b) (1984)).

The Supreme Court also held a statute unconstitutionally vague and overbroad, when it made it a crime to be at a location where someone knows illegal activity is taking place. *State v. Adkins* at 659-60.[5] *See Commonwealth v. Tirella*, 356 Mass. 271, 249 N.E.2d 573, 575-76 (Mass. 1969) (court required proof of additional elements beyond mere knowing presence at the scene); *See also, People v. Cressey*, 2 Cal. 3d 836, 87 Cal. Rptr. 699 (Cal. 1970) (requiring proof that the defendant controlled the premises). Additionally, being a bystander to a crime does not automatically make one a criminal. As a result, "mere presence" in the area of illegal activity is typically not culpable and is not susceptible to a criminal penalty. *See Bailey v. United States*, 416 F.2d 1110, 1113-14, 135 U.S. App. D.C. 95 (D.C. Cir. 1969) (reversing a conviction for robbery, stating: "An

---

[5] However, in *State v. Adkins*, the Supreme Court of Nebraska considered an analogous law, which made it "unlawful for any person . . . to visit or to be in any room, dwelling house, vehicle, or place where any controlled substance is being used contrary to [specified laws] if the person has knowledge that such activity is occurring." *State v. Adkins,* 196 Neb. 76, 241 N.W.2d 655 (Neb. 1976) at 656.

inference of criminal participation cannot be drawn merely from presence; a culpable purpose is essential...")

Here, the statute is vague on its face, because without more it does not put the defendant on notice of the crime charged and it attempts to charge the Defendants with mere presence alone. However, if the mental state and volitional act "presumed" is for the Defendants to enter and remain in a restricted building, then the Defendants must have entered with a culpable intent, knowingly remain with that culpable intent, and be put on notice that the building was restricted. As stated above, a Defendant cannot be charged with a crime by mere presence alone and the Government has failed to provide any facts that rase even a presumption of misconduct by the Defendants. Based on the length of time they allegedly spent in the Capitol, there is not enough to show willful or wanton conduct or even an unlawful entry for a criminal purpose. Whether the Defendants took pictures or not when they were alleged to be in the building, that is not sufficient proof of any improper conduct, nor does it deny First Amendment protections. All the Government is accusing the Defendants of doing is acting like any other tourist would when they are visiting a new location and taking pictures in a public building, like a museum. Lastly, there was no intent to remain, because the Defendants were inside for barely ten minutes and it was also more than an hour after Congress was evacuated.

The only facts provided by the Government included in both Statements are: "photos were discovered on LESPERANCE's iCloud account that geolocate to inside the U.S. Capitol building;" (ECF #1-1, 3-4) (DOC #1-1 at 3) "[l]aw enforcement reviewed CCTV images and body-worn surveillance footage from the U.S. Capitol. Both depict LESPERANCE inside the U.S. Capitol on the afternoon of January 6, 2021." (ECF #1-1 at 5) (DOC #1-1 at 4). Alleged evidence on Defendant Cusick Jr.'s Statement as listed by the affiant included how: "images depict Cusick inside the U.S Capitol." (ECF #1-1 at 5); "FBI received information from an individual ("Individual 1") alleging that a individual by the name of JAMES VARNELL CUSICK JR was inside the Capitol;" (ECF #1-1 at 2). As for Defendant Lesperance, the only facts listed by the affiant state:

> "the FBI received a telephonic tip from an individual ("Witness 1") alleging that LESPERANCE was inside the Capitol building rotunda on January 6, 2021. Thereafter, the FBI interviewed another individual ("Witness 2"), who confirmed the above information. (DOC#1-1 at 2).

Besides that, there are no facts or evidence included that describe what (if anything) the Defendants did while they were allegedly inside or even how long they were purportedly inside for. Additionally, the only documentation purporting to connect the defendants to the alleged crime consists of time-stamped images that don't show them spending more than ten minutes in the Capitol. Criminal charges require more than mere presence as a requisite mental state and more than being

13

allegedly photographed in a building as evidence of a volitional act for the crimes charged, thus Count I should be dismissed accordingly.

### B. Count II: Disorderly and Disruptive Conduct in a Restricted Building

According to Count II, the Government have not met their burden in order to show that the Defendants had the requisite mental state to be charged with the second count, which include:

> "**Knowingly and with intent** to impede or disrupt the orderly conduct of Government business/functions, **engage in disorderly or disruptive conduct** within proximity to... and **conduct in fact, impedes or disrupts** the orderly conduct of Government... or **attempts or conspires** to do so." (emphasis added) (ECF #1-1 at 7) (DOC #1-1 at 5)

Here, this count includes additional mental states of intent (purposely) and a specific intent of attempt. Furthermore, the Government in count two charged the Defendants with allegedly engaging in "disorderly or disruptive conduct" as it relates to being within proximity to "any restricted building or grounds" and that same conduct must result in impeding or disrupting the "orderly conduct of Government business or official functions," or the Defendants must act with an attempt or conspiracy to do so. However, without specific allegations of wrongdoing or facts describing the type of conduct exhibited by the Defendants, which would give rise to a charge of disrupting, impeding, attempting, or conspiring. All the facts attributed to the Defendants relate to presence at the most

14

and we are well aware that presence alone, especially for less than ten minutes, does not give rise to criminal charges without more.

In addition, the conduct listed in the indictment that are meant to charge the Defendants are too vague that they fail to put the Defendants on notice of what is prohibited conduct, nor do they attempt to explain what would constitute acts that are disorderly or obstructive. *See United States v. Miller,* (citing *Montgomery,* 2021 WL 6134581 at 10 where the court held that the terms: "influence, obstruct, and impede are quite broad terms"). Lastly, there is nothing provided by the Government which establishes how spending ten minutes inside a public government building, where Congress was already dismissed, that Defendants disrupted a proceeding.

This also applies to how the government defines a restricted building in the statute as, "restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting." (DOC #1-1 at 5). Again, the Government provides no evidence or facts to show how the building could be restricted when the Vice-President had already been evacuated, they entered more than one hour after "rioters entered," and if they did enter they were only in the building for no more than 10 minutes. Thus, dismissal of Count II is warranted, because the Defendant's conduct did not fit within the scope of the statute.

**C. Count III: Violent Entry and Disorderly Conduct in a Capitol Building**

The statue in Count III is titled as "violent entry" and "disorderly conduct in a Capitol Building." The required mental states include acting "willfully and knowingly," by uttering "loud, threatening, or abusive language, or engage in disorderly or disruptive conduct at any place in the Grounds, with the intent to impede, disrupt, or disturb the orderly conduct of a session." However, as a general matter, in a criminal setting, a "willful act is one undertaken with a bad purpose in which the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *See United States v. Burden*, 443 U.S. App. D.C. 142, 157, 934 F.3d 675, 690 (2019). This is similar to *Miller*, where alleged conduct did not fit within the scope of the statute and dismissal of that count in the indictment was warranted as to the acts of obstruction, impeding, and disrupting." *See United States v. Miller*, 589, 60 at 61. Here, Count three alleges that the Defendants engaged in disorderly and disruptive conduct intended to impede a session of Congress. However, there is nothing in Count three (or the indictment at all) that alleges, let alone implies, that the Defendants took any action to impede Congress's certification of the electoral vote.

Next, the standard traditionally used by the Federal Courts in determining whether to dismiss a count in the indictment have them, exercising "restraint in assessing the reach of a federal criminal statute." *See United States v. Aguilar*, 515

U.S. 593, 600 (1995). Even the Supreme Court has advocated for this "restraint" out of respect for Congress's authority and out of a desire to give everyone a fair warning "in language that the common world will understand, of what the law intends to do if a certain line is passed." *Id*. at 600 (citations omitted); cf. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223–28 (2018). This count charging the Defendants with "knowingly and willfully impeding" and "violent entry" is the exact kind of situation in which the Court must "exercise[ ] restraint in assessing the reach of a federal criminal statute," Aguilar, 515 U.S. at 600, and "resolve ambiguities in favor of the defendant," Nasir, 17 F.4th at 473 (Bibas, J., concurring) (citing Liparota, 471 U.S. at 427) (cited in *United States v. Miller*, 589, 60 at 67).

As previously mentioned, there are no facts whatsoever that would give rise to any of the aforementioned counts against the Defendants, let alone a charge of "violent entry" which includes conduct such as: "loud, threatening, or abusive language, or engage in disorderly or disruptive conduct." If the Government wanted to exceed the scope of conduct in the statute, then they should have included language that resolved these ambiguities  The record of the events that occurred that day, cannot give any merit to a claim of violent entry, when the Defendants entered over an hour after the Capitol was allegedly "breached by rioters" and after the Vice-President was already evacuated. The Government themselves, have provided this photographic evidence in the Statements of facts

for the Defendants by including pictures time stamped at 3:09 p.m. to 3:19 p.m. As such, there is nothing in the pictures that indicate any type of violent conduct exhibited by any of the Defendants. As a result, these allegations in Count III fail to state a lawful claim against the Defendants and should be dismissed.

### D. Count IV: Parading, Demonstrating, or Picketing in a Capitol Building

Lastly, Count IV includes the conduct to be charged as parading, demonstrating, or picketing in any of the Capitol Buildings or their Grounds. The Statements of facts for the Defendants specified that the meaning of "grounds" in the statute establishes that the Defendants were within "the Grounds of in any of the Capitol buildings" on January 6, 2021." (ECF #1-1 at 7) (DOC #1-1 at 6). Here, the language provided by the affiant prove that the Government is once again trying to proscribe criminal penalties on the Defendants by mere presence in a location. Nor does the complaint or the Statement of Facts provide any specific supporting facts regarding the Defendants' alleged "parading, demonstrating, or picketing." How exactly did the Defendants participate? What in the indictment gave the Defendants knowledge of this supposed demonstration or participation? What makes it lawful to charge the Defendants with a crime simply by being on the "grounds," for less than ten minutes.

The Government has not provided any facts to dispute this nor any facts that show the Defendants engaged in these acts of protesting. Finally, it is completely unreasonable to charge the Defendants with these four counts by their mere presence for only ten minutes. All of these acts alleged by the Government also occurred after Congress and the members engaged in the proceeding had already been evacuated for the day. Thus, the Government has failed to satisfy their burden of stating a claim with sufficient facts to prove the Defendants are guilty of the crime charged.

Accordingly, Defendants (Lesperance, Cusick Jr., and Cusick) request an order dismissing all four counts against them with prejudice. In the alternative of dismissing the charges outright, the Defendants request a preliminary hearing instead, wherein the Government must show that they have probable cause to charge Defendants with the listed crimes.

Dated: February 3, 2023

Respectfully submitted,

/s/ John M. Pierce
John M. Pierce
John Pierce Law Firm
21550 Oxnard St. 3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com
*Attorney for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that, on February, 03, 2023, this reply was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

*/s/ John M. Pierce*
John M. Pierce