UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA

v.

DAVID JOHN LESPERANCE, CASEY CUSICK, and JAMES VARNELL CUSICK, JR.,

Defendants.

Criminal Action No. 21-575 (JDB)

---

**MEMORANDUM OPINION & ORDER**

Defendants David John Lesperance, Casey Cusick, and James Varnell Cusick are each charged with four misdemeanor offenses related to the breach of the United States Capitol on January 6, 2021.[1]

Before the Court are two motions in limine filed by the government, Mot. in Lim. Regarding Cross-Examination of U.S. Secret Service Witness [ECF No. 61] ("Secret Service Mot."); U.S.'s Mot. in Lim. to Preclude Improper Defense Args. & Evidence About Law Enforcement [ECF No. 62] ("Improper Args. Mot."), and one motion in limine filed by defendants, Defs.' Mot. in Lim. to Exclude Args., Evid., or Claims at Trial that Are Prejudicial & Not Probative [ECF No. 60] ("Defs.' Mot."). Defendants filed oppositions to both government motions, Defs.' Resp. & Opp'n to Secret Service Mot. [ECF No. 66] ("Secret Service Opp'n"); Defs.' Resp. & Opp'n to Improper Args. Mot. [ECF No. 67] ("Improper Args. Opp'n"), and the government filed an opposition to defendants' motion, Gov't's Opp'n to Defs.' Mot. [ECF No. 68] ("Gov't Opp'n"). Neither party filed replies in support of their motions. The motions are thus ripe for decision.

---

[1] A more comprehensive discussion of the factual background can be found in the Court's recent Order resolving pretrial motions. See Apr. 5, 2023 Mem. Op. & Order [ECF No. 57] ("Pretrial Mots. Order") at 1–3.

1

I.      **Secret Service Motion**

The government's first motion in limine seeks to preclude cross-examination of United States Secret Service witnesses about "Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur" and "[d]etails about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees." Secret Service Mot. at 2. The government argues that these "extraneous matters" should be excluded either under Federal Rule of Evidence 401 because they are irrelevant to this prosecution or under Federal Rule of Evidence 403 because whatever minimal relevance they may have is outweighed by a substantial risk of confusing the issues and compromising national security. Id. at 4.

"The district court . . . has considerable discretion to place reasonable limits on a criminal defendant's presentation of evidence and cross-examination of government witnesses." United States v. Whitmore, 359 F.3d 609, 615–16 (D.C. Cir. 2004). To be admissible, evidence must be relevant—that is, it must have a tendency to make a fact of consequence more or less probable, see Fed. R. Evid. 401; Fed. R. Evid. 402—and even relevant evidence may be excluded if its "probative value is substantially outweighed by a danger of," among other things, "unfair prejudice, confusing the issues, [or] misleading the jury," Fed. R. Evid. 403. A district court may also properly exclude evidence of a "highly sensitive nature," particularly when it is not within the scope of direct examination or does not "pertain to the charges in th[e] case." See United States v. Balistrieri, 779 F.2d 1191, 1216–17 (7th Cir. 1985), overruled on other grounds by Fowler v. Butts, 829 F.3d 788 (7th Cir. 2016).

Defendants' opposition is largely nonresponsive to the government's motion. Defendants primarily argue against the application of 18 U.S.C. § 1752 in any January 6 prosecution because

2

(1) "the Capitol's grounds are to be open to the public and are a free-speech forum area," and (2) under their preferred reading, the statutory term "temporarily visiting" should only be read to reference "<u>the temporary residence</u> of the President or Vice President," not "a place where the Vice President <u>works daily</u>." Secret Service Opp'n at 3, 5; <u>see id.</u> at 1–5. Such arguments have no place in an opposition to this narrowly focused motion in limine, and in any event, the Court already rejected these arguments when it denied defendants' motions to dismiss. <u>See</u> Pretrial Mots. Order at 16–20 (denying defendants motion to "dismiss the information based on their belief that all of the offenses with which they are charged violate the First Amendment"); <u>id.</u> at 15 (rejecting defendants' argument that the statute "criminalize[s] 'mere presence'" in "a public building"); <u>id.</u> at 17 (noting that "[t]his Court has thoroughly explained why the Capitol was a 'restricted building or grounds' under § 1752(c)(1)(B) on January 6, 2021" and "adopt[ing] its prior reasoning . . . in full" from <u>United States v. McHugh</u>, 583 F. Supp. 3d 1, 29–35 (D.D.C. 2022)).[2]

To the extent that defendants do address the specifics of the government's motion, they grossly overstate and mischaracterize it, claiming that the government "seeks to depict the Capitol as a top-security, nearly prisonlike, facility where supersecret plans for protecting the Vice President supercede all defendant rights." Secret Service Opp'n at 6. They insist without citing authority that "the government cannot limit their defense by claiming evidence of their defense implicates sensitive information." <u>Id.</u> (internal quotation marks omitted). This unqualified assertion is simply not supported by case law. <u>See, e.g.</u>, <u>Balistrieri</u>, 779 F.2d at 1216–17.

---

[2] The opposition also lists several broad "rights" of criminal defendants, including the "right to present evidence and arguments that they did not commit the crimes alleged" and to "present evidence that the alleged crimes were not committed at all." Secret Service Opp'n at 5. But the fact that "defendants have a right to put on a defense," <u>id.</u> at 6, has no bearing on whether the specific lines of cross-examination addressed by the government's motion should be precluded under the Federal Rules of Evidence due to a lack of relevance or because any minimal relevance is outweighed by other risks.

3

Motions in limine that are nearly identical to this one are routinely filed by the government in January 6 cases, and the overwhelming majority of judges in this District that have considered such motions—including this one—have granted them. See, e.g., United States v. Chwiesiuk, Crim A. No. 21-0536 (CKK), 2023 WL 3002493, at *7–8 (D.D.C. Apr. 19, 2023); Jan. 17, 2023 Min. Order, United States v. Oliveras, Crim. A. No. 21-738 (BAH); Jan. 6, 2023 Order at 8–9, United States v. Sheppard, Crim. A. No. 21-203 (JDB), ECF No. 66 ("Sheppard Order"); Sept. 6, 2022 Omnibus Order at 3, United v. Rhodes, III, Crim. A. No. 22-15 (APM), ECF No. 288; Nov. 1, 2022 Min. Order, United States v. Williams, Crim. A. No. 21-618 (ABJ).

The Court sees no reason here to deviate from the chorus of judges in this District who have granted the same motion in other January 6 cases. It concludes that the specifics of Secret Service emergency protocols and protective details "would be immaterial to the question of Defendants' guilt and the credibility of the Secret Service witness, while potentially undermining national security." Chwiesiuk, 2023 WL 3002493, at *7. Accordingly, the Court will grant the government's motion in limine and will preclude cross-examination about the Secret Service's general emergency protocols and specific logistical information regarding its protective details because such questioning is irrelevant under Federal Rule of Evidence 401 or, alternatively, because the low probative value of any such testimony is substantially outweighed by the risk of wasting resources and distracting from relevant issues under Rule 403, particularly in light of the government's reasonable interest in protecting sensitive national security information.[3]

**II.    Motion to Preclude Certain Arguments and Law Enforcement Evidence**

---

[3] The Court notes that, subject to the Court's ruling on any specific objections at trial, defendants may cross-examine Secret Service witnesses about relevant issues that fall within the scope of the direct examination, which will likely include the Secret Service's duties and efforts to protect Vice President Pence and his two immediate family members when they were present at the Capitol on January 6, 2021 and the effects the breach of the Capitol had on that protection.

The government next moves to preclude defendants from

> (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendants' entry into the United States Capitol building or grounds or their conduct therein lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendants specifically observed or w[ere] otherwise aware of such conduct.

Improper Args. Mot. at 1.

Defendants' opposition to these requests is largely inapposite. They make very serious (and entirely unfounded) accusations that "the Justice Department is seeking to rig a trial and conceal from the jury all evidence of defendants' innocence." Improper Args. Opp'n at 1. The Court will disregard such rhetoric.[4] The opposition also includes a litany of "evidence and testimony" that defendants argue they should be permitted to elicit, much of which appears to be outside the scope of the government's motion. For example, the government does not seek to preclude defendants from introducing statements that were "communicated to the defendants" or evidence of "[d]efendants' knowledge and expectations" that is relevant to their state of mind on January 6. Id. at 2; cf. Improper Args. Mot. at 4 ("The government acknowledges that the conduct of law enforcement officers may be relevant to the defendants' state of mind on January 6, 2021.").

---

[4] Defense counsel is advised that some of his rhetoric is beginning to border on improper "groundless accusation[s]" that are not welcome before this Court. Pigford v. Veneman, 215 F.R.D. 2, 3 (D.D.C. 2003); see id. at 4 ("[A]busive language toward opposing counsel has no place in documents filed with our courts . . . ." (quoting Coats v. Pierre, 890 F.2d 728, 734 (5th Cir. 1989))). Counsel is reminded that Local Criminal Rule 57.21(b)(6)(v) requires all counsel to familiarize themselves with the D.C. Bar Voluntary Standards for Civility in Professional Conduct. Those standards provide that attorneys "will not bring the profession into disrepute by making unfounded accusations of impropriety or making ad hominem attacks on counsel, and, absent good cause, [attorneys] will not attribute bad motives or improper conduct to other counsel." D.C. Bar Voluntary Standards for Civility in Pro. Conduct ¶ 5.

On a broader note, many of defendants' recent filings—including those addressed in this motion—extend far past their appropriate scope. They routinely address issues that are not germane to an underlying motion, rehash arguments that the Court has previously rejected, stray beyond legal argument into political grandstanding, and (as seen here) accuse opposing counsel of serious misconduct without support. As this case prepares for trial, counsel is "admonished to keep the moralizing and sermonizing out" of his arguments, tailor his motions "to the actual relief sought," and to "avoid commentary on unrelated matters . . . or unbriefed [and previously denied] requests for relief (e.g., dismissal of charges or a change of venue)." Jan. 26, 2022 Min. Order, Rhodes, Crim. A. No. 22-15 (APM); see id. (warning that "[t]hese proceedings will not become a platform for counsel's personal political views").

Nor does the government dispute that defendants are entitled to rebut the government's case by introducing evidence relevant to whether the Capitol was a "restricted building or grounds" and whether defendants knew that the Capitol was restricted that day. See 18 U.S.C. § 1752(a)(1)–(2). The government merely argues that evidence of "the conduct of law enforcement officers . . . is irrelevant to the defendants' intent" "unless the defendants show that, at the relevant time, they specifically observed or were otherwise aware of some alleged inaction by law enforcement." Improper Args. Mot. at 4 (emphasis added).

To the extent that the opposition directly addresses any of the specific requests in the government's motion, it merely asserts—without support and without responding to the government's cited authorities[5]—that "officer acquiescence to protestor presence is a valid defense." Improper Args. Opp'n at 2.

This Court and others have routinely granted the government's second and third requests—those related to law enforcement inaction—in other January 6 prosecutions. To begin, this Court has granted motions to preclude defendants from arguing that any inaction by law enforcement made their conduct on January 6 legal. Contrary to defendants' conclusory assertion, "[s]ettled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct." Apr. 18, 2023 Order at 10, United States v. Neely, Crim. A. No. 21-642 (JDB), ECF No. 80 ("Neely Order") (quoting Mem. & Order at 3, United States v. Williams, Crim A. No. 21-377 (BAH) (D.D.C. June 8, 2022), ECF No. 87 ("Williams Order")); see Cox v. Louisiana, 379 U.S. 559, 569 (1965). Accordingly, the Court will reaffirm its prior approach and

---

[5] The opposition does cite a few cases after declaring that "evidence of police acquiescence is entirely relevant and material to the defendants' defense," Improper Args. Opp'n at 3, but none of those cases address police acquiescence. Rather, they broadly discuss a defendant's right to present witness testimony. See Taylor v. Illinois, 484 U.S. 400, 408 (1988); Richmond v. Embry, 122 F.3d 866, 872 & n.5 (10th Cir. 1997).

grant the request to preclude argument that law enforcement inaction rendered defendants' conduct lawful.

Similarly, in other cases the Court has excluded as irrelevant evidence of law enforcement inaction that defendants themselves did not perceive or of which they were not aware: "[a]s a logical matter, . . . any action or inaction of which defendant[s] w[ere] not aware cannot possibly have had any effect on [their] state-of-mind and is inadmissible as irrelevant under Federal Rule of Evidence 401." Neely Order at 10 (quoting Williams Order at 3–4). The Court stands by its prior approach and will grant the government's motion in limine as to such evidence.

The Court will also grant the government's first request, which asks the Court to preclude defendants from arguing an entrapment-by-estoppel defense related to law enforcement. To mount an entrapment-by-estoppel defense, defendants would need to offer "sufficient evidence from which a reasonable jury could find," inter alia, that they "actually relied on" specific statements by law enforcement officers and that those statements "amount[ed] to an express or implied statement of the law." United States v. Sheppard, Crim. A. No. 21-203 (JDB), 2022 WL 17978837, at *8 (D.D.C. Dec. 28, 2022) (internal quotation marks omitted); id. at *9 ("[An] entrapment-by-estoppel defense[] [is] available only when the official's statements or conduct state or clearly imply that the defendant's actions are lawful.").

This Court and others in this District have routinely granted requests to preclude an entrapment-by-estoppel defense based on a January 6 defendant's alleged reliance on statements made by then-President Trump at his rally on January 6, 2021. See, e.g., Neely Order at 9; Sheppard, 2022 WL 17978837, at *7–9; United States v. Grider, Crim. A. No. 21-022 (CKK), 2022 WL 3030974, at *2–4 (D.D.C. Aug. 1, 2022); cf. United States v. Chrestman, 525 F. Supp. 3d 14, 29–33 (D.D.C. 2021) (holding in the context of pretrial detention that "[t]he evident

7

limitations on the entrapment by estoppel defense make highly unlikely that this defense will prevail or be 'viable' and therefore does little to outweigh the overwhelming evidence against defendant proffered by the government").

The context of this motion is slightly different, as it asks the Court to preclude defendants from making an entrapment-by-estoppel defense based on an argument "that law enforcement gave permission to the defendants to enter the U.S. Capitol." Improper Args. Mot. at 1 (emphasis added). When addressing a similar motion in limine, another judge in this District found that the reasoning from prior Trump-specific decisions "applies with equal force" to entrapment-by-estoppel defenses related "to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building." Williams Order at 2. The Williams court granted the motion in limine largely because defendant had "rebut[ted] none of" the government's or prior courts' arguments and "ha[d] proffered absolutely no evidence supporting any element of the entrapment-by-estoppel affirmative defense." Id. (noting that defendant's failure to proffer any evidence was fatal because, "by its nature," "a motion in limine" is meant to "rule in advance as to whether certain evidence may be introduced or argument made").

The same is true here. Outside of quoting the government motion's use of the term, defendants' opposition does not address entrapment-by-estoppel at all. See Improper Args. Opp'n at 1, 4 (quoting Improper Args. Mot. at 1). Nor have defendants at any time indicated to the Court that they intend to raise this affirmative defense. Even a generous reading of their opposition offers "absolutely no evidence supporting any element of the entrapment-by-estoppel affirmative defense." Williams Order at 2. At most, defendants proffer that "[t]hey arrived at the Capitol after many barriers and/or signs were removed under circumstances where a reasonable person might assume there had been previous negotiations, stipulations, and/or agreements among stakeholders

8

that protestors could legally enter the Capitol and/or grounds." Improper Args. Opp'n at 3. These facts are far from "actual[] reli[ance] on" statements by law enforcement officers that "amount to an express or implied statement of the law." Sheppard, 2022 WL 17978837, at *8 (internal quotation marks omitted). Accordingly, the Court will grant the government's request to preclude defendants from arguing an entrapment-by-estoppel defense related to law enforcement action or inaction.

### III.     Defendants' Motion in Limine

Defendants move "to exclude from presentation or mention at trial of arguments, evidence, or claims that are unduly prejudicial" and "to exclude material whose probative value is substantially outweighed[] but which essentially has no reasonable probative value whatsoever." Defs.' Mot. at 1.

Defendants' motion is exceptionally broad. At its highest level, the motion seems to suggest that every factual allegation against defendants should be excluded under Federal Rule of Evidence 403. See Defs.' Mot. at 3–4 ("[T]he complete lack of any factual allegations in the superseding information should be excluded along with arguments, evidence, or claims at trial that are unfairly prejudicial and provide very little probative value to justify their use against the Defendants."); Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Defendants ask the Court to exclude "conjecture" and "speculation" without identifying specific evidence they challenge on those grounds, much less arguing why such evidence's relevance is substantially outweighed by unfair prejudice. See Defs.' Mot. at 8–11. In essence, defendants request that the Court reaffirm that the rules of evidence will govern their prosecution. Accordingly, the Court

9

will deny the motion as premature and overbroad. See, e.g., Sheppard Order at 11–12 (taking the same approach with motions in limine that "ask the Court to, essentially, reaffirm the rules of evidence"). Objections to specific evidence may be raised when appropriate during trial.

In addition to this broader request, defendants throw numerous other arguments at the wall to see what sticks. To begin, they suggest that evidence of others' actions at the Capitol on January 6 should be barred as "an argument of guilt by association." Defs.' Mot. at 11. But certain evidence of others' conduct is highly relevant and undoubtedly admissible. As the Court has previously explained, the government "claims [defendants] were part of the large mob that had overwhelmed police in order to enter a restricted building, that they remained inside for at least 10 minutes, and that Congress did not reconvene until much later in the day, after all members of the mob—including defendants—were gone." Pretrial Mots. Order at 9. The Court knows of no January 6 prosecution in which a court has precluded the government from presenting evidence of the surrounding circumstances.

The Court is similarly unpersuaded to preclude the government from referencing "any brawling, rioting, violence, or other disturbance at or around the U.S. Capitol or Capitol grounds on January 6, 2021." Defs.' Mot. at 15. Defendants insist that "[t]he existence of a disturbance is completely unrelated to whether an area is restricted" because a brawl between fans at a soccer stadium or a drunken scuffle at a fireworks display on the National Mall would not suggest to observers that those locations were "restricted." Id. This argument is a logical fallacy—just because violence does not notify observers of a "restricted area" in every single circumstance, it does not follow that "brawling, rioting, [or] violence," id., can never give rise to such an inference. The events of January 6—in which U.S. Capitol Police faced off with a large mob in an attempt to prevent them from breaching the Capitol building—are simply not comparable to defendants'

10

counterexamples.  As the Court has previously explained, the fact that "defendants walked past officers in riot gear deploying flashbangs and entered the Capitol through doors flanked by shattered windows as part of a large mob" would be "circumstantial evidence that could support a reasonable inference that defendants knew the Capitol building was restricted."  Pretrial Mots. Order at 10.  Accordingly, the Court will not, as a general matter, preclude the government from introducing any such evidence.  It may be that some particularly prejudicial evidence of others' acts of violence would be inadmissible under Rule 403, but defendants do not raise any such specific evidence at this time.[6]

Defendants also ask the Court to place limits on the government's ability to introduce evidence regarding the nature of the restricted area on January 6.  See, e.g., Defs.' Mot at 13 ("The Government should be excluded from making reference to a 'restricted area' or 'restricted building' unless such [geographical] area is precisely defined."); id. at 13–14 ("The Government should be excluded from making reference to a 'restricted area' unless the relevant time period of when the contours are defined are specified.").  Defendants offer no sensible reason why the government should not be able to introduce such evidence, and the Court will not restrict the government's ability to introduce evidence of an essential element of their case.  It bears repeating that defendants are entitled to rebut the government's case and argue that the government has not sufficiently proven that they were in a restricted area or that they knew they were in a restricted area.  For example, defendants could attempt to introduce evidence—subject to any objections— that "[t]he location of bike racks, similar barricades, and rolling mesh fences with small, flimsy, laminated paper 'Restricted Signs' . . . changed throughout the day," or that "no signs remained

---

[6] Defendants remain entitled to rebut the government's evidence and argue, for example, that they did not observe certain surrounding events, or that their observance of surrounding events did not put them on notice of the building's restricted status.

11

visible by the time" defendants arrived. Id. at 14. But defendants' proffer of this evidence to the Court is not grounds to preclude the government from presenting contrary evidence to the jury to meet its burden of proof.

At points, defendants' motion confusingly insists that the government be required to instruct the jury on the law. See, e.g., Defs. Mot. at 11 ("The Government should be excluded from making argument about, making reference to, presenting on or introducing evidence of any crime of entering a restricted area unless the Government clearly informs the jury at the same time that the statute 18 U.S.C. 1752(a) makes such a crime only if the accused has done so 'knowingly.'"). As in every jury trial—criminal or civil—the Court will instruct the jury on the law, not the parties. After considering the parties' suggestions, the Court will prepare jury instructions which will be provided to jurors to guide their analysis of the record and ultimate decision to acquit or convict each defendant on each count.

Defendants further suggest that the government be required to qualify its introduction of evidence with contextual disclosures to the jury that are unrelated to the statutory elements. For example, they insist that

> [t]he Government should be excluded from making arguments about, making reference to, presenting on or introducing evidence of any crime of knowingly entering a restricted area unless the Government makes clear that the U.S. Capitol and Capitol Grounds are normally not restricted, such that any notice provided to the public of a temporary restriction must be especially clear and explicit to make the public understand that the status quo has changed.

Defs. Mot. at 12. Again, any instructions to the jury on the law will be provided by the Court alone. Moreover, as noted by the government, see Gov't Opp'n at 8–9, there is nothing in the text of § 1752 or any case law of which the Court is aware that would warrant an instruction that "'knowingly' entering a restricted area requires clear notice of alteration of the status quo," Defs.'

Mot. at 12 (capitalization omitted). The Court will thus not require the government to instruct the jury on the law or provide additional context to the "knowingly" requirement.

Finally, the motion includes numerous attempts to relitigate non-evidentiary arguments that the Court has already decided. See, e.g., Defs.' Mot at 2 ("The charges by the Government as listed in the complaint and information[] present[] only conclusory arguments and offer[] nothing more than the repetition of the language in the statutes. The superseding information against the Defendants is clearly legally defective and . . . should be subject to dismissal."); id. ("Furthermore, while the Statement of Facts lists the charges brought against the Defendants along with some definitions on certain terms, it still fails to sufficiently lay out specific facts which would provide a basis of probable cause to charge the Defendants with the crimes listed."); id. at 3 ("Additionally, the Defendants seek dismissal of all four counts specifically due to the information in statements of facts, which led to the indictment handed out."); id. at 6–7 (discussing the reasonable doubt standard and relitigating rejected arguments). The Court will not address these unsuccessful arguments again and instead incorporates in full the reasoning presented in its earlier Memorandum Opinion and Order denying defendants' pretrial motions. See Pretrial Mots. Order at 6–20.

The Court has considered and rejected all arguments raised in defendants' motion in limine. Accordingly, the Court will deny defendants' motion.

\*   \*   \*

For the foregoing reasons, upon consideration of [61] the government's motion in limine regarding cross-examination of U.S. Secret Service witnesses, [62] the government's motion in limine to preclude improper defense arguments and evidence about law enforcement, and [60]

defendants' motion in limine to exclude arguments, evidence, or claims at trial that are prejudicial and not probative, and the entire record herein, it is hereby

**ORDERED** that [61] the government's motion in limine regarding cross-examination of U.S. Secret Service witnesses is **GRANTED**; it is further

**ORDERED** that [62] the government's motion in limine to preclude improper defense arguments and evidence about law enforcement inaction is **GRANTED**; and it is further

**ORDERED** that [60] defendants' motion in limine is **DENIED.**

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: July 5, 2023